ROBERTSON, Presiding Judge.
Pate Real Estate Co., Inc. (Pate) sued David Winck (Winck) for breach of contract and fraud as to a “Managing Agents Agreement” (agreement) entered into by the two parties and claimed damages in the form of an unpaid sales commission. After ore tenus proceedings, the trial court granted Pate’s motion for summary judgment under Rule 56, Alabama Rules of Civil Procedure, as to the breach of contract issue, denied Pate’s motion for summary judgment as to the fraud issue and, therefore, denied Winck’s counter-motion for summary judgment.
Winck appeals the trial court’s granting of Pate’s motion for summary judgment as to the breach of contract issue, and this issue alone is before us according to Rule 54(b), Alabama Rules of Civil Procedure.
To enter a summary judgment, the trial court must first determine that there is no genuine issue of a material fact and, secondly, that the moving party is entitled to summary judgment as a matter of law. Popham v. City of Talladega, 582 So.2d 541 (Ala.1991). “In determining whether a summary judgment was properly entered, the reviewing court must view the motion in a light most favorable to the nonmov-ant.” Popham at 543. However, in order to defeat a properly supported motion for summary judgment, the nonmovant must present “substantial evidence” (actions filed after June 11, 1987) of the existence of the material fact sought to be proved. Popham.
The agreement between Pate and Winck was entered on November 2, 1987, and provided for Pate to rent and manage Winck’s property in Daphne, Alabama. This included, among other things, securing tenants, collecting rents, and making emergency repairs. Also, paragraph 2.f. provided that:
“It is further understood that if this property is sold to a tenant leasing the premises through an agents office, the owner will pay Pate Real Estate Co., Inc., a 6% commission on the sale, if sold during the term of occupancy or within six months after its expiration.”
Shortly after entering the agreement, Pate secured Brenda and Harry Holloway as tenants on Winck’s property. On August 10, 1988, however, Winck wrote Pate attempting to terminate the agreement, and he later told the Holloways to begin making all rental payments directly to him. In March 1989, the Holloways approached Winck about buying the house, and he later did so for a price of $72,000. After learning of this, Pate filed suit for the sales commission.
Winck contends that the agreement between Pate and him was terminated prior to the sale of the house, and, therefore, the trial court’s decision allowing Pate to recover the commission is in error. The contract provided that either party could terminate the “Managing Agents Agreement” by giving a 60-day written notice of termination to the other party. Winck’s position is that his letter of termination dated August 10, 1988, effectuated such a termination after the 60-day notice requirement expired. Winck argues that the purchase by the Holloways on March 15, 1989, fell outside the 60-day period, and the sales commission is not due to Pate.
*749 Winck also points out that the ágreement contained a savings clause for rental commissions in case of termination by Winck. This clause allowed Pate to continue to receive a percentage of rental payments as a managing fee until the tenancy expired, even after the agreement was terminated by Winck. Since the agreement contained no similar provision for the sales commission, Winck argues that the parties intended for the agreement to be terminable as to the sales commission.
Also, Winck asserts that Pate can be paid a sales commission only after procuring a ready, willing, and able buyer who purchases under the terms, and during the existence, of a contract. According to Winck, Pate did not provide such a buyer because the tenants decided to buy only after Winck terminated the agreement. Therefore, Winck contends that Pate did not procure a ready, willing, and able buyer during the existence of the agreement and should not be compensated with a sales commission.
Here, paragraph 21. of the agreement was worded clearly and unambiguously. In order for Pate to receive the commission, Winck’s property needed only to be sold to a tenant, which Pate secured, while the tenant was still in occupancy or within six months after the tenant moved. The facts are undisputed that all of these elements were met. Pate secured the Hollo-ways as tenants for Winck’s property in Daphne. During that unbroken term of occupancy, the Holloways purchased this same property, thereby fulfilling Pate’s contractual obligations concerning the sales commission clause.
Whenever a contract’s language is unambiguous and plain, the court cannot change the agreement by construction but must expound it as the parties made it. Lilley v. Gonzales, 417 So.2d 161 (Ala.1982). “Where a contract is unambiguous and plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair.” Lilley at 163.
Since we view paragraph 21. of the agreement as unambiguous and plain, and since the facts are uncontroverted that Pate fulfilled its terms, we hold that the trial court did not err in granting summary judgment for Pate as to the breach of contract issue. Accordingly, we affirm its judgment.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.